DECISION
PER CURIAM.
James R. Smith and Thelma J. Smith appeal from the decision of the United States Court of Federal Claims granting the government’s motion for summary judgment that the Smiths were not entitled to income tax refunds for the tax years 1991-1996. Because the Smiths have raised no genuine issue of material fact concerning their alleged entitlement to income tax refunds and have not shown that the trial court erred in holding that the government is entitled to judgment as a matter of law, we affirm.
DISCUSSION
In 1991, the Internal Revenue Service (“IRS”) assessed tax deficiencies against Mr. and Mrs. Smith for the tax years 1983 and 1984 in amounts previously litigated in the United States Tax Court.* Smith v. United States, No. 99-227T, slip op. at 2 (Fed.Cl. Apr. 10, 2000) (“Smith"). Subsequently, the Smiths claimed a refund of $2,548 for the 1991 tax year. Id. The parties dispute whether this amount was refunded to them; the government states that it did refund that amount, along with interest. Id. For the 1992 tax year, the Smiths requested a refund of $925. Id. The IRS denied this request and instead applied the $925 tax overpayment against the Smiths’ outstanding liability for income tax, penalties, and interest assessed for the 1983 tax year. Id. The IRS similarly applied the Smiths’ overpayments for the tax years 1993-1996 against their outstanding liability for the tax year 1983. Id. at 3. In December 1992, the Smiths filed three separate Offers in Compromise (“OICs”) with the IRS for the tax years 1983, 1984, and 1985. The OICs were rejected on or about September 1994. Additional OICs were filed and then withdrawn in 1998.
The Smiths then filed a complaint in the United States Court of Federal Claims, alleging that the IRS had wrongfully retained money due them from income tax overpayments for the tax years 1991 to 1996. They claimed that they had never received a refund for the 1991 tax year and that the IRS was not entitled to apply their 1992-1996 overpayments to their tax liability or assess interest and penalties under the applicable OIC regulation. The court granted the government’s motion for summary judgment, holding that the IRS had properly applied income tax overpayments to the Smiths’ outstanding tax liabilities pursuant to its authority under I.R.C. § 6402(a). Id. at 4. The Smiths filed a request for reconsideration, which the Court of Federal Claims denied. Smith v. United States, No. 99-227T (Fed.Cl. Apr. 20, 2000). The Smiths timely appealed to this court; we have jurisdiction pursuant to 28 U.S.C.A. § 1295(a)(3) (West Supp. 2000).
On appeal, the Smiths argue that the IRS improperly applied their overpayments to their outstanding tax liability and assessed interest and penalties on their tax liability in violation of regulations relating to OICs. They also state that they have never received a refund for the 1991 tax year. Finally, the Smiths argue that the seizure of more than $18,000 of their funds *761 and the $200,000 lien against their house was illegal.
We review the summary judgment determinations of the Court of Federal Claims de novo. Alves v. United States, 133 F.3d 1454, 1456 (Fed.Cir.1998). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
We agree with the government that the Smiths have failed to raise any genuine issue of material fact concerning their entitlement to tax refunds for the years 1992-1996. The IRS “may credit the amount of [an] overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment.” I.R.C. § 6402(a) (emphasis added). The statute grants broad authority to the IRS to credit overpayments to any tax liability, which may reasonably include interest and penalties. The Smiths have cited no authority stating otherwise. Furthermore, under the applicable OIC regulation, the submission of an OIC does not automatically operate to stay the collection of any tax liability for OICs submitted prior to and not pending on December 31, 1999. 26 C.F.R. § 301.7122-lT(f)(1) (2000). Thus, while the IRS may stay the collection of tax while an OIC is pending, it is not required to and may accordingly enforce the collection of any liability. Id. Moreover, even if the IRS did not have such authority, the record shows that no interest or penalties were assessed for the 1983 tax year while the OICs were pending. Supp.App. at 35-36.
We also agree with the government that the Smiths have not raised any genuine issue of material fact with respect to their claim that they did not receive a refund for the 1991 tax year. The government introduced a Certifícate of Assessment and Payment for 1991, indicating that the government sent a refund to the Smiths for that year. Supp.App. at 27. The Smiths have not rebutted that evidence.
Finally, we do not accept the Smiths’ argument that the IRS improperly seized their funds and placed a lien on their home. The Court of Federal Claims limited its decision to the Smiths’ claim for refunds allegedly due them for the tax years 1991-1996, Smith v. United States, No. 99-227T (Fed.Cl. July 27, 1999), finding jurisdiction for the refund claim pursuant to I.R.C. § 7422(a) and 28 U.S.C.A. § 1491 (West Supp.2000). It held that it lacked jurisdiction over claims other than refund claims. The Smiths have not here alleged a jurisdictional basis for their seizure and hen claims. Even if such a basis existed under § 1491, a question that we do not decide, the Smiths have asserted no statute, regulation, or other authority that would prohibit the IRS from seizing then-assets or placing a lien upon their house in order to collect an outstanding tax liability.
We have considered the Smiths’ other arguments and conclude that they similarly lack merit. Because the Smiths have not raised any genuine issues of material fact concerning their entitlement to refunds, and have not shown that the trial court erred as a matter of law, we affirm.

 Smith v. Comm'r of Internal Revenue, No. 15262-89 (T.C. Nov. 26, 1990).